IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME L. GRIMES | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX-17-1682 |
| PUBLIC DEFENDERS OFFICE STATE OF MARYLAND | * |
| | * |
| Defendants. | |
| | ***** |

MEMORANDUM

On June 19, 2017, Jerome L. Grimes filed the above-captioned complaint and motion to proceed in forma pauperis. ECF Nos. 1 & 2. Grimes, who is now a patient in the "trial competency program" at the Springfield Hospital Center in Sykesville, Maryland, filed his complaint pursuant to 42 U.S.C. § 1983 raising claims of "attorney's professional misconduct," violation of his "right of access to the courts " and to "reasonable bail access." Grimes appears to take issue with the Maryland State Public Defender's Office actions to have him categorized as a "crisis client incompetent to stand trial." He contends that the designation was made without probable cause by individuals who are not physicians, and only after he had been admitted into a local detention facility for several hours. He contends that his due process rights were violated and his right to bail bonds were "intimidated." ECF No. 1, p. 1-3. He seeks to enjoin the Deputy Public Defender from practicing the law to deter professional misconduct and additionally seeks monetary damages of $3,100,000.00 and punitive damages of $52,000.00, for

engaging in professional misconduct.[1]  No. 1, pp. 4-5.

A review of the state court docket reveals that eight Montgomery County, Maryland cases involving Grimes relate to traffic incidents occurring in 2016.[2]  The docket also reflects that on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device.  *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County).  On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County.  Grimes is represented by an Assistant Public Defender in that case, and a scheduling order and plea of not guilty has been entered.  *See State v. Grimes*, Case Number 131689C; http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Further, examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts.  In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D.

---

[1] Grimes also raises claims of false arrest, illegal interstate extradition from Florida to Maryland and a "frame up" as a victim of a telephonic crank call.  ECF No. 1, p. 6.

[2] The court has examined the court docket for Montgomery County, Maryland, which reflects Grimes was cited for several traffic violations, including the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court For Montgomery County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,.* Civil Action No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). This court takes judicial notice of these relevant and indisputable filings. *See Nolte v. Capital One Fin. Corp.,* 390 F.3d 311, 317 n. * (4th Cir. 2004).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can establish that he is under imminent danger of serious physical injury. Grimes does not allege that he is under imminent danger of serious physical injury. He is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee, unless the complaint establishes that Grimes is in imminent danger of serious physical harm.

Even were this court to offer Grimes the opportunity to proceed with this case by paying the filing fee, the named defendants cannot be held liable for the claims raised in the complaint under § 1983. Jurisdictional and threshold requirements for suits brought under 42 U.S.C. § 1983 civil actions require that a substantial federal question be asserted and that the named defendant is acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). A defense attorney, whether privately retained or court-appointed, represents only his client, not the State and thus is not considered a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976).

Moreover, a § 1983 lawsuit may not be filed against the State of Maryland. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). The State of Maryland is also immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.

Date: July 11, 2017                                         /S/
                                                    Paula Xinis
                                                    United States District Judge